J-S85034-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| JOHN FABIO MARTINEZ, | : | |
| | : | |
| Appellant | : | No. 1511 EDA 2015 |

Appeal from the Judgment of Sentence April 24, 2015
in the Court of Common Pleas of Philadelphia County,
Criminal Division, No(s):  CP-51-CR-0007483-2014

BEFORE:  PANELLA, RANSOM and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:          **FILED January 20, 2017**

John Fabio Martinez ("Martinez") appeals from the judgment of sentence imposed following his negotiated guilty pleas to one count each of criminal mischief and stalking, and two counts of contempt of order or agreement.[1]  ***See*** 18 Pa.C.S.A. §§ 3304(a)(5), 2709.1(a)(1); 23 Pa.C.S.A. § 6114(a).  Additionally, Jill Heilman, Esquire ("Attorney Heilman"), Martinez's counsel, has filed a Petition to Withdraw as counsel and an accompanying brief pursuant to ***Anders v. California***, 386 U.S. 738, 744 (1967).  We grant Attorney Heilman's Petition to Withdraw, and affirm Martinez's judgment of sentence.

---

[1] Martinez was charged on three separate dockets.  Martinez pled guilty to criminal mischief and one count of contempt for violation of order or agreement on January 30, 2015.  Sentencing was deferred for consolidation. At the sentencing hearing on April 24, 2015, Martinez pled guilty to the remaining charges.

In its Opinion, the trial court set forth the relevant facts underlying this appeal as follows:

> On April 27, 2014, at approximately 4:30 a.m.[,] in the area of 303 Magee Ave[nue] in the City and County of Philadelphia, [] Patricia Martinez [("Patricia")] observed [Martinez] outside her home standing next to her car. When [Patricia] later inspected her car, all four tires had been slashed and the exterior of the vehicle had been keyed. At the time, there was an active Protection from Abuse (["]PFA["]) order in place against [Martinez].
>
> On December 25, 2014, … [Patricia] observed [Martinez] walking around her home ominously. She later received [F]acebook messages from [Martinez] stating that he was going to kill himself. On that date, there was a PFA order in place against [Martinez].
>
> On January 28, 2015, [Patricia] again saw [Martinez] outside her home…. She asked him to leave and went inside her home. [Martinez] refused to leave and continued banging on the rear door of the home. Eventually, [Martinez] shattered the glass door.

Trial Court Opinion, 12/18/15, at 1-2.

On April 24, 2015, Martinez was sentenced to a total of four years of probation—three years of reporting probation, followed by one year of non-reporting probation, if Martinez completes the first three years without incident. Martinez was also ordered to pay $2,163 in restitution.

Martinez, through counsel, filed a timely Notice of Appeal and a court-ordered Pa.R.A.P. 1925(b) Concise Statement of matters complained of on appeal. Martinez subsequently filed a Supplemental Concise Statement.

Attorney Heilman filed a Statement of Intent to File an **Anders**/**McClendon**[2] Brief seeking to withdraw as counsel.

In the **Anders** Brief, the following questions are presented for our review:

> I. Were [Martinez's] guilty pleas in this matter made knowingly and voluntarily?
>
> II. Was [Martinez's] total sentence of 4 years [of] probation imposed by the lower court illegal or excessive?

**Anders** Brief at 3.  Martinez did not file a separate *pro se* brief, nor did he retain alternate counsel for this appeal.

We must first determine whether Attorney Heilman has complied with the dictates of **Anders** in petitioning to withdraw from representation.  **See Commonwealth v. Goodwin**, 928 A.2d 287, 290 (Pa. Super. 2007) (*en banc*) (stating that "[w]hen faced with a purported **Anders** brief, this Court may not review the merits of any possible underlying issues without first examining counsel's request to withdraw.") (citation omitted).  Pursuant to **Anders**, when an attorney believes that an appeal is frivolous and wishes to withdraw as counsel, he or she must

> (1) petition the court for leave to withdraw stating that after making a conscientious examination of the recording and interviewing the defendant, counsel has determined the appeal would be frivolous, (2) file a brief referring to any issues in the record of arguable merit, and (3) furnish a copy of the brief to defendant and advise him of his right to retain new counsel or to raise any additional points that he deems worthy of the court's

---

[2] **Commonwealth v. McClendon**, 424 A.2d 1185 (Pa. 1981).

attention. The determination of whether the appeal is frivolous remains with the [appellate] court.

***Commonwealth v. Burwell***, 42 A.2d 1077, 1083 (Pa. Super. 2012) (citations omitted).

Additionally, the Pennsylvania Supreme Court has determined that a proper ***Anders*** brief must

> (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

***Commonwealth v. Santiago***, 978 A.2d 349, 361 (Pa. 2009).

Here, Attorney Heilman has complied with the requirements set forth in ***Anders*** by indicating that she has conscientiously examined the record and determined that an appeal would be frivolous. Further, Attorney Heilman provided a letter to Martinez, informing him of Attorney Heilman's intention to withdraw and advising Martinez of his rights to retain counsel, proceed *pro se*, and file additional claims. Finally, Attorney Heilman's ***Anders*** Brief meets the standards set forth in ***Santiago***. Attorney Heilman provided a factual summary of Martinez's case, with support for Attorney Heilman's conclusions that Martinez's guilty pleas were made knowingly and voluntarily, and that the trial court did not err or abuse its discretion by imposing Martinez's sentence, rendering his appeal wholly frivolous.

Because Attorney Heilman has complied with the procedural requirements for withdrawing from representation, we will independently review the record to determine whether Martinez's appeal is, in fact, wholly frivolous.

In his first claim, Martinez challenges the validity of his guilty pleas. **Anders** Brief at 11-14.

> Our law is clear that to be valid, a guilty plea must be knowingly, voluntarily and intelligently entered. There is no absolute right to withdraw a guilty plea, and the decision as to whether to allow a defendant to do so is a matter within the sound discretion of the trial court. To withdraw a plea after sentencing, a defendant must make a showing of prejudice amounting to "manifest injustice." A plea rises to the level of manifest injustice when it was entered into involuntarily, unknowingly, or unintelligently. A defendant's disappointment in the sentence imposed does not constitute "manifest injustice."

**Commonwealth v. Bedell**, 954 A.2d 1209, 1212 (Pa. Super. 2008) (citation omitted).

"A defendant wishing to challenge the voluntariness of a guilty plea on direct appeal must either object during the plea colloquy or file a motion to withdraw the plea within ten days of sentencing. Failure to employ either measure results in waiver." **Commonwealth v. Lincoln**, 72 A.3d 606, 609-10 (Pa. Super. 2013) (citations omitted); **see also** Pa.R.Crim.P. 1007 (stating that any objections related to the validity of a plea agreement must be raised in a post-sentence motion).

Here, Martinez did not object during his plea colloquies or file a motion

to withdraw his pleas, and therefore, this claim is waived.[3] ***See Lincoln***, 72 A.3d at 611. Thus, a challenge to the voluntariness of Martinez's guilty plea would be wholly frivolous.

In his second claim, Martinez contends that the trial court abused its discretion in imposing an excessive sentence. ***Anders*** Brief at 14-15. Martinez also claims that his sentence is illegal. ***Id.***

Initially, "[u]pon entry of a guilty plea, a defendant generally waives all defects and defenses except those concerning the validity of the plea, the jurisdiction of the trial court, and the legality of the sentence imposed." ***Commonwealth v. Boyd***, 835 A.2d 812, 816 (Pa. Super. 2003). Martinez

---

[3] Even if we could consider the merits of this claim, we would conclude that Martinez entered into his negotiated plea knowingly, intelligently, and voluntarily. ***See generally Commonwealth v. Pollard***, 832 A.2d 517, 524 (Pa. Super. 2003) (stating that "[t]he desire of an accused to benefit from a plea bargain is a strong indicator of the voluntariness of his plea."). Here, Martinez completed three Written Guilty Plea Colloquy forms, which advised him that the judge is not bound the by terms of the plea agreement, as well as his right to a jury trial and the presumption of innocence. Additionally, during the January 30, 2015 guilty plea hearing, and the April 24, 2015 sentencing hearing, the trial court conducted oral colloquies on the record, during which Martinez acknowledged that he reviewed the Written Guilty Plea Colloquy forms with his attorney; he understood the nature of charges against him; he understood the maximum sentences he could receive for each charge; and he agreed to the facts underlying each charge. ***See*** N.T., 1/30/15, at 4-6; N.T., 4/24/15, at 9-17; ***see also Commonwealth v. Morrison***, 878 A.2d 102, 108 (Pa. Super. 2005) (*en banc*) (stating that a written colloquy may be made part of the record of plea proceedings, if it is supplemented by some oral examination on the record) (citing Pa.R.Crim.P. 590, *cmt.*); ***Commonwealth v. Rush***, 909 A.2d 805, 808 (Pa. Super. 2006) (stating that "[w]here the record clearly demonstrates that a guilty plea colloquy was conducted, during which it became evident that the defendant understood the nature of the charges against him, the voluntariness of the plea is established.") (citation omitted).

challenges, in part, the discretionary aspects of his sentence. "One who pleads guilty and receives a negotiated sentence may not then seek discretionary review of that sentence." **Commonwealth v. O'Malley**, 957 A.2d 1265, 1267 (Pa. Super. 2008). Therefore, to the extent that Martinez challenges the discretionary aspects of his sentence, his claim is waived. **See id.** Moreover, even if Martinez had the right to seek a discretionary appeal in this case, he failed to object to his sentence during sentencing or file a post-sentence motion. Thus, he preserved no issues for discretionary review. **See Commonwealth v. Malovich**, 903 A.2d 1247, 1251 (Pa. Super. 2006) (stating that in order to preserve a challenge to the discretionary aspects of sentencing, an appellant must raise the issue at sentencing or in a post-sentence motion). Accordingly, any challenge to the discretionary aspects of Martinez's sentence would be wholly frivolous.

However, a challenge to the legality of a sentence, even where imposed pursuant to a negotiated plea bargain, cannot be waived. **See Commonwealth v. Langston**, 904 A.2d 917, 921 n.2 (Pa. Super. 2006); **see also Boyd**, 835 A.2d at 816. "If no statutory authorization exists for a particular sentence, that sentence is illegal and subject to correction." **Commonwealth v. Rivera**, 95 A.3d 913, 915 (Pa. Super. 2014) (citation omitted). "Issues relating to the legality of a sentence are questions of law. Our standard of review over such questions is *de novo* and our scope of

review is plenary." ***Commonwealth v. Wolfe***, 106 A.3d 800, 802 (Pa. Super. 2014) (citations, brackets and ellipses omitted).

Here, Martinez was sentenced to a total of four years of probation. Martinez was subject to the following maximum prison terms for his charges: five years for stalking, a misdemeanor of the first degree; two years for criminal mischief, a misdemeanor of the second degree; and six months for contempt for violation of order or agreement, as defined by 23 Pa.C.S.A. § 6114(b)(2). ***See*** 18 Pa.C.S.A. § 106(b). Martinez received two years of probation for criminal mischief, one year of probation for stalking, and six months of probation for each count of contempt for violation of order or agreement. Because Martinez was sentenced to a total term of probation that does not exceed the applicable statutory maximum prison terms, his sentence is legal. ***See*** 42 Pa.C.S.A. § 9754(a) (providing that "[i]n imposing an order of probation the court shall specify at the time of sentencing the length of any term during which the defendant is to be supervised, which term may not exceed the maximum term for which the defendant could be confined"); ***see also Commonwealth v. Crump***, 995 A.2d 1280, 1284 (Pa. Super. 2010) (stating that "a defendant cannot be given a term of probation which exceeds the statutory maximum.").

Further, our independent examination of the record indicates that there are no other claims of arguable merit. ***See Anders***, 386 U.S. at 744-

45. Accordingly, we conclude that Martinez's appeal is wholly frivolous, and Attorney Heilman is entitled to withdraw as counsel.

Petition to Withdraw as counsel granted; judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/20/2017